UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER JOHN RUTKA, III,

    Plaintiff,                                        CIVIL ACTION NO. 13-12385

  v.                                            DISTRICT JUDGE PAUL D. BORMAN
                                              MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I. RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as substantial evidence exists on the record that claimant remains capable of performing a significant number of jobs in the economy.


**II. REPORT**

   **A. Background and Procedural History**

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on May 13, 2010, alleging that he had become disabled and unable to work on June 1, 2006, at age 49, due a bipolar mental disorder.

Benefits were denied by the Social Security Administration. A requested de novo hearing was held on November 21, 2011, before Administrative Law Judge (ALJ) Patricia McKay. The ALJ found that the claimant was not entitled to disability benefits because he retained the ability to perform a significant number of jobs existing in the economy. The Administrative Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, but could not perform complex assignments where he was not allowed to control the pace of the work. The ALJ limited Plaintiff to jobs that required little judgment, and could be learned in a relatively short period. The ALJ also restricted Plaintiff from jobs involving more than minimal contact with co-workers or the general public. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

    Plaintiff was 49 years old at the time of the administrative hearing (TR 12, 27). He had graduated from high school, and had been a business owner of an information technology company (TR 35). Claimant sold the business in 2000 (TR 36), but returned to work for his old company in 2006 as a service technician (TR 34). As a business owner, and later as a service technician, he evaluated computer hardware systems and created software for the machines (TR 35, 40). Claimant testified that he was writing two books on computer technology at the time of the hearing (TR 43).

While Plaintiff asserted that he was disabled as a result of a bipolar disorder, he acknowledged that he no longer sought treatment, and was not taking any medication, for the condition (TR 46-47). Plaintiff simply declared that he was not able to handle programming software for 8 hours a day (TR 46). He did not believe he could return to his old job because his work product was not "up to par" (TR 51). Claimant was able to care for his own hygiene, shop, cook meals, and do the laundry (TR 48, 53).

A Vocational Expert, Erin O'Callaghan, classified Plaintiff's past work as sedentary to light, skilled activity (TR 61). If the claimant was physically capable of a full range of work, but whose mental difficulties limited him to simple job assignments where he could control the pace of the work, the witness testified that there were numerous inspection and janitorial jobs that Plaintiff could perform (TR 67). These jobs did not necessitate working with the general public or maintaining close contact with co-workers (TR 62). These low-stress jobs did not require performing complex tasks. They allowed periodic breaks, and did not impose high production demands (TR 62-67).

### B. Administrative Law Judge's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of a bi-polar disorder, but that his impairment was not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental impairment precluded him from performing complex tasks, and from frequent contact with the general public and co-workers. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform

3

a reduced range of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that his bi-polar disorder has prevented him from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2008).

**D. Discussion and Analysis**

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of work at all exertional levels. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his bi-polar disorder.

Plaintiff testified that he was no longer being treated for his bipolar disorder, and did not feel the need to take any medications[1] (TR 47). When asked why he could not work, Plaintiff indicated that he could not sit at a computer terminal for prolonged periods (TR 46, 51). Yet, Dr. L. Patel, a consultative examiner, found no functional limitations during a September 2010, evaluation that would prevent him from performing substantial gainful

---

[1] Plaintiff maintains that he was delusional at the time of the hearing, which the ALJ should have recognized, and that he should have been found not credible. He believes that the ALJ should have then awarded him benefits, despite his testimony suggesting that he could perform a limited range of work. It is not as though the ALJ ignored the possibility that Plaintiff had some delusions. The ALJ found that "[w]hile the claimant may, or may not, embellish or fabricate past accomplishments, the record indicates the claimant functions quite well and is independent in all aspects of his daily living". (TR 16). Plaintiff does not identify any evidence that undermines the ALJ's finding.

5

activity (TR 261). Dr. L. Imasa, a psychiatrist, who interviewed Plaintiff at the request of the Commissioner in September 2010, reported the claimant regularly used his computer during the day, sent emails to friends, and had just finished writing a book on computer software (TR 267).

A state agency consultant, Dr. J. Gange, Ph.D, reviewed the medical record, and opined that Plaintiff's work history and lack of treatment suggested that he was capable of understanding and completing multi-step tasks (TR 78). Dr. Gange added that claimant needed to avoid prolonged contact with the public, but could relate on a superficial basis with coworkers and supervisors (TR 78). The state medical consultant believed that Plaintiff could complete assigned tasks, and could manage the stresses involved in a simple work environment (TR 78-79).

In addition, the ALJ included significant mental limitations in his residual functional capacity finding. The Law Judge recognized that the claimant was limited in understanding, remembering and carrying out complex, detailed instructions. Consequently, he limited Plaintiff to jobs that involved simple, routine work. Furthermore, the Law Judge found that the claimant could not engage in work involving fast paced production requirements, and that he should avoid work activity that involved more than occasional interaction with the general public and co-workers (TR 15).

The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by his bi-polar disorder. There was no need for the ALJ to have included in her hypothetical question a limitation that claimant had marked

6

limitations in carrying out complex instructions and making judgments on complex work-related decisions. Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment. 20 C.F.R. 404.1568(a) (2013). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairment. The Vocational Expert was aware of claimant's mental limitations before she identified the types of jobs that the Plaintiff could still perform (TR 62-67).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions

7

that took into consideration claimant's educational and vocational background, along with his significant impairments the Vocational Expert testified that there were numerous unskilled inspection and janitorial jobs that Plaintiff could perform. These jobs did not necessitate working with the general public or maintaining close contact with co-workers. These low-stress jobs did not require performing complex tasks. They allowed periodic breaks, and did not impose high production demands (TR 62-67). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of work activity at all exertional levels.

    **E. Conclusions**

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III. REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th

Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: June 26, 2014                         United States Magistrate Judge