UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JOHN RUTKA, III,

        Plaintiff,                            Case No. 13-12385

v.                                         Paul D. Borman
                                          United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                      Charles E. Binder
                                          United States Magistrate Judge

        Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTION (ECF NO. 12);
(2) ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 11);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 9); AND
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 10)

This matter is before the Court on Plaintiff Walter John Rutka, III's ("Plaintiff") Objection to Magistrate Judge Charles E. Binder's June 26, 2014 Report and Recommendation. (ECF No. 12, Objection). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's Objections, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's Motion for Summary Judgment, grants Defendant's Motion for Summary Judgment, and affirms the findings of the Commissioner.

**I. BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 11, Report and Recommendation at 1-4). Briefly, the Plaintiff protectively filed for disability insurance benefits ("DIB") and

Supplemental Security Income ("SSI") on May 13, 2010, alleging a disability onset date of June 1, 2006. (Tr. 10, 162-72). Plaintiff's application was denied on October 19, 2010 and he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 10). The hearing was held on November 21, 2011, before ALJ Patricia S. McKay; Plaintiff was represented by counsel and a Vocational Expert ("VE") testified at the hearing. (Tr. 24-71).

On January 26, 2012, the ALJ issued a written decision finding that Plaintiff was not disabled. (Tr. 7-19). The ALJ concluded in her decision that Plaintiff suffered from the severe impairment of "a history of bipolar disorder". (Tr. 13). While noting that Plaintiff testified that he "no longer has a need for medication" and that he no longer has "stress or sleep-related problems" the ALJ also found that Plaintiff's "bipolar disorder more than minimally affect[ed] his ability to perform basic work activities." (Tr. 13). Accordingly, the ALJ accommodated Plaintiff's "mental impairment by limiting him to no more than occasional contact with co-workers and the general public, whereby he controls the pace of the work, which is simple, routine, and repetitive in nature." (*Id.*). The ALJ then concluded that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Tr. 13-14). In light of the entire record, and specifically incorporating the limitations to accommodate his mental impairment, the ALJ determined that the Plaintiff had the residual functioning capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: only occasional contact with co-workers and the general public, whereby the claimant is allowed to control the pace of the work; and the work is simple, routine, repetitive in nature." (Tr. 14-17). The ALJ also found that Plaintiff was unable to perform any of his past relevant work, but that a significant number of jobs existed in the national economy that Plaintiff was capable of

performing, namely inspector and janitor/cleaner positions. Therefore, the ALJ determined that Plaintiff was not disabled. (Tr. 18).

Plaintiff appealed the ALJ's decision. On April 2, 2013, the Appeals Council denied his request for review, and the ALJ's decision became the agency's final decision. (Tr. 1-4).

Thereafter, on May 30, 2013, Plaintiff filed his complaint in this Court seeking judicial review of the Defendant Commissioner's decision. (ECF No. 1). The parties filed cross motions for summary judgment which were ultimately referred for decision to Magistrate Judge Binder. (ECF Nos. 9 & 10). On June 26, 2014, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (ECF No. 11). The Magistrate Judge found that there was substantial evidence in the record to support the ALJ's finding that Plaintiff remains capable of performing a significant number of jobs in the economy. (ECF No. 11). Thereafter, Plaintiff filed her Objection to the Report and Recommendation. (ECF No. 12).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ... "); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

### III. ANALYSIS

Plaintiff agrees that the Magistrate Judge correctly summarized his argument by stating:

> Plaintiff maintains that he was delusional at the time of the hearing, which the ALJ should have recognized, and that he should have been found not credible. He believes that the ALJ should have then awarded him benefits, despite his testimony suggesting that he could perform a limited range of work. It is not as though the ALJ ignored the possibility that Plaintiff had some delusions. The ALJ found that "[w]hile the claimant may, or may not, embellish or fabricate past accomplishments, the record indicates the claimant functions quite well and is independent in all aspects of his daily living". (TR 16). Plaintiff does not identify any evidence that undermines the ALJ's finding.

(ECF No. 11, at 5 n.1) (emphasis in original). However, Plaintiff objects to the Magistrate Judge's Report and Recommendation on the sole basis that the Magistrate Judge erred in failing to consider the multiple examples of Plaintiff's mental illness as evidenced in his testimony and that the ALJ's finding that Plaintiff "functions quite well and is independent in all aspects of his daily living" is

4

undermined by this evidence. (Obj. at 1)

Plaintiff appears to be arguing that the Magistrate Judge erred in assessing Plaintiff's credibility for the reason that Plaintiff's "connection to reality is sufficiently distant to justify disbelief in both his testimony and in his capacity for competitive employment". (Obj. at 1). Plaintiff argues that the ALJ and the Magistrate Judge ignored a "plethora of evidence" but only points to portions of his testimony before the ALJ as set forth in his brief. (Obj. at 1).

It is pertinent to remember that "[i]t is the in the province of the ALJ to make credibility assessments, not the Court. *Siterlet v. Sec'y of Health and Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987) ("A reviewing court may not try the case *de novo*, nor resolve conflicts in the evidence nor decide questions of credibility."); *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (harmless error analysis applies to credibility determinations). Indeed, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (1997). Therefore, an ALJ's credibility determination will only be disturbed for a "compelling reason". *See Sims v. Comm'r of Soc. Sec.*, 09-5773, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).

Here, there are portions of Plaintiff's testimony, especially his testimony that the president of the University of Michigan had police out to his house, that would support Plaintiff's argument that his "connection to reality" was distant. (Tr. 56-57). However, the Magistrate Judge accurately acknowledged that was some evidence that could have supported a finding that Plaintiff was not credible and observed, "[i]t is the rare case, indeed the exception, in which every piece of evidence

5

points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled". (ECF No. 11, at 7). Further, the ALJ concluded that while Plaintiff testified that he did not take or need any medication for his bipolar disorder, and that he suffered no stress and no longer had problems sleeping, Plaintiff's bipolar disorder "more than minimally affect[ed] his ability to perform basic work activities" and limited his RFC to reflect those limitations. (Tr. 13). Moreover, the ALJ acknowledged medical evidence that Plaintiff suffered from "hyper verbal flight of ideas". (Tr. 14). Finally, and as the Magistrate Judge observed, the ALJ specifically noted that "[w]hile the claimant may, or may not, embellish or fabricate past accomplishments, the record indicates the claimant functions quite well and is independent in all aspects of his daily living." (Tr. 16).

Given this record, the Court cannot conclude that the ALJ ignored the possibility that Plaintiff may not have been fully credible or only cherry-picked parts of the record to support her decision. Rather, the ALJ acknowledged this possibility but found other substantial evidence that supported the conclusion Plaintiff remained capable of performing a significant number of jobs in the economy. Plaintiff fails to contradict or undermine the other substantial evidence that the ALJ relied upon in her decision. Specifically, Plaintiff does not dispute the ALJ's determination and reliance upon the medical record or evidence of Plaintiff's activities of daily living whereby Plaintiff, a former computer programmer, testified that he was able to grocery shop, sends emails, prepare meals, launder his own clothes, was attempting to write a book and still programs code from his home. (Tr. 13). Further, the ALJ noted Plaintiff's aunt's statement in the record that he had no problems with personal hygiene. (*Id.*).

The Court does not belittle Plaintiff's disorder or any hardships he may suffer as a result,

however, the "[t]he substantial-evidence standard .... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citations omitted). Here, where there is substantial evidence to support the ALJ's decision, that decision falls within the zone of discretion and the Court must defer to the ALJ's decision.

## IV. CONCLUSION

For all the reasons set forth above, the Court denies Plaintiff's Objection (ECF No. 12); adopts the Report and Recommendation (ECF No. 11); denies Plaintiff's Motion for Summary Judgment (ECF No. 9); and grants Defendant's Motion for Summary Judgment (ECF No. 10).

IT IS SO ORDERED.


                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 20, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2015.


                                                  s/Deborah Tofil
                                                  Case Manager